IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JEFFERY WILSON, : | |
| : | |
| Plaintiff, : | |
| VS. : | NO. 4:22-CV-00029-CDL-MSH |
| : | |
| DISTRICT ATTORNEY'S OFFICE, : | |
| *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

*Pro se* Plaintiff Jeffery Wilson, an inmate who is confined at the Muscogee County Jail in Columbus, Georgia, has filed a pleading that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). In this pleading, Plaintiff states that he can neither hear nor talk, and he alleges that he has been held in the Muscogee County Jail for twenty-two months. Compl. 1, ECF No. 1. Plaintiff further alleges that his "family has deserted [him] because of [his] charge, child molestation," and he appears to seek an order appointing another inmate, Warren Paschal, Jr., as his legal guardian. *Id.* at 2.

The nature of the pending action is not entirely clear to the Court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that "[t]hey possess only that power authorized by Constitution and statute," and the burden of establishing a federal court's jurisdiction "rests upon the party asserting jurisdiction[.]" *Id.* One of the ways a party can establish

original jurisdiction in a federal district court is by asserting a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question jurisdiction). The two most common types of cases filed by prisoners—federal habeas corpus petitions and complaints filed pursuant to § 1983—fall under this jurisdictional umbrella. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal," *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)), and prisoner challenging his pretrial detention usually proceeds under 28 U.S.C. § 2241. But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057).

    In this case, Plaintiff notes that he has been housed in the Muscogee County Jail for nearly two years, although it is unclear whether he is attempting to challenge this pretrial detention. Plaintiff has also titled his Complaint as one arising under § 1983, but he does not describe how any individual acting under color of state law has deprived him of a constitutional right. It is also unclear why this Court would have jurisdiction over Plaintiff's potential request for an order seeking the appointment of Mr. Paschal as Plaintiff's legal guardian. For these reasons, Plaintiff is **ORDERED** to recast his

pleading on the appropriate form. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2241 and § 1983 forms marked with the case number for the above-captioned case. Plaintiff should choose **ONE** of these forms and recast his pleading thereon. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his pleading on the appropriate form to include all facts and allegations he wishes to make a part of this case. **The recast pleading shall supersede (take the place of) his initial pleading (ECF No. 1).** The Court will not look back at this document, or any other document Plaintiff has already filed in this action, to determine whether Plaintiff has an actionable federal claim. The Court also notes that Mr. Paschal may not bring any claims on Plaintiff's behalf. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates); *cf. also Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Plaintiff must therefore sign his own recast pleading in accordance with Federal Rule of Civil Procedure 11; Mr. Paschal may not sign for Plaintiff.

In addition, Plaintiff did not pay any sort of filing fee in this action or file a motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28

3

U.S.C. § 1915(a)(1)-(2). Accordingly, Plaintiff shall also have **FOURTEEN (14) DAYS** from the date shown on this Order to file a proper motion to proceed without the prepayment of the filing fee or pay the required filing fee. The filing fee for a habeas corpus petition is $5.00, and the filing fee for a § 1983 complaint is $402.00. The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form for this purpose.

To reiterate, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his pleading on the appropriate form and (2) file a proper and complete motion for leave to proceed *in forma pauperis* or pay the appropriate filing fee. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED** this 4th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE