IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JEFFERY WILSON, | : |
| Plaintiff, | : |
| VS. | : NO. 4:22-CV-00029-CDL-MSH |
| DISTRICT ATTORNEY'S OFFICE, *et al.*, | : |
| Defendants. | : |

### ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Jeffery Wilson, an inmate who is confined at the Muscogee County Jail in Columbus, Georgia, has filed a Recast Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 4) and a motion for leave to proceed *in forma pauperis* (ECF No. 5). The undersigned has reviewed Plaintiff's submissions and **GRANTS** Plaintiff's motions for leave to proceed *in forma pauperis* but **RECOMMENDS** that Plaintiff's claims be **DISMISSED without prejudice**.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      **Directions to Plaintiff's Custodian**

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the prison where Plaintiff is currently incarcerated.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in

the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S RECAST COMPLAINT

### I.     Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X*

*v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

4

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's Recast Complaint is the operative pleading in this action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).[1] According to the Recast Complaint, Plaintiff is deaf and mute and has "been in jail for 22 months," but he has never been indicted. Recast Compl. 5-6, ECF No. 4. Plaintiff contends that this detention violates his constitutional rights, and as a result he seeks monetary compensation. *Id.* at 6. Plaintiff lists the "District Attorney's Office" as the only Defendant in his caption, but he also appears to name Assistant District Attorney Robin King as a Defendant in the body of his Recast Complaint. *See id.* at 4.

Plaintiff's claims, as pleaded, are subject to dismissal pursuant to § 1915A and § 1915(e). First, the District Attorney's Office is not an entity capable of being sued under

---

[1] Plaintiff does not list Sheriff Greg Countryman as a Defendant in his Recast Complaint, nor does he mention Sheriff Countryman in the body of his Recast Complaint. Because the Recast Complaint supersedes the original Complaint as a matter of law, the Clerk is **DIRECTED** to terminate Defendant Countryman as a Defendant in this action.

§ 1983. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). The District Attorney's Office does not fall under any of these categories, and it is therefore not an entity that may be sued under § 1983. *Tyner v. Howard*, Civil Action No. 1:16-CV-4341-TWT-JFK, 2017 WL 579954, at *2 (N.D. Ga. Jan. 6, 2017) ("As a general rule, an Office of the District Attorney is not an entity subject to suit."); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]"). The claims against the District Attorney's Office are therefore subject to dismissal.

Plaintiff's claims against Defendant King are also subject to dismissal. Although it is not entirely clear from the Recast Complaint, it appears Plaintiff believes that Defendant King is responsible for the decision to charge him and then delay his indictment. These claims are barred by the doctrine of prosecutorial immunity. A prosecutor is generally "entitled to absolute immunity for acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State." *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (internal quotation marks omitted). These acts include, but are not limited to, "appearances in

6

judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Rehberg v. Paulk,* 611 F.3d 828, 837-38 (11th Cir. 2010). To the extent Plaintiff is alleging that Defendant King caused his current detention because she wrongfully or maliciously charged Plaintiff and then failed to indict him, those actions fall within the role that Defendant King serves as an advocate for the State, and the Complaint does not suggest that Defendant King acted outside the territorial jurisdiction of her office. Defendant King is therefore entitled to prosecutorial immunity, and Plaintiff's claims for damages against her are subject to dismissal for this reason. *Cf., e.g., Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984) (prosecutor is entitled to immunity even when she knowingly uses perjured testimony, files an information without an investigation, files charges without jurisdiction, files a baseless detainer, or threatens a criminal defendant with further prosecution, among other things); *see also Santos v. New Jersey*, 393 F. App'x 893, 894-95 (3d Cir. 2010) (per curiam) (affirming dismissal of claims that prosecutor and others violated prisoner's Sixth Amendment right to a speedy trial and holding that "even if [prisoner] could show that the alleged delays in his case were based on administrative rather than judicial considerations of the prosecutor, absolute immunity would apply").[2]

---

[2] The undersigned also notes that the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) likely applies to bar any claims Plaintiff may have for injunctive relief in this case, given that state criminal proceedings against Plaintiff are still pending. Plaintiff, however, may still be able to challenge the legality of his pretrial detention by filing a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2241, after exhausting any remedies available to him in state court. *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar.

### III. Conclusion

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED** and it is **RECOMMENDED** that this action be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 26th day of April, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

21, 2013) (Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal."). Although Plaintiff would not be able to seek damages in his habeas corpus action, he could seek release from custody. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release").

8